IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| GARRY O. SMALLEY,<br><br>     Plaintiff,<br><br>    v.<br><br>KINDER MORGAN VIRGINIA LIQUIDS TERMINALS, LLC, *et al.*,<br><br>     Defendants. | Case No. 2:24-cv-241 |
| ATLANTIC STATES INSURANCE COMPANY,<br><br>     Plaintiff,<br><br>    v.<br><br>COMMERCIAL READY MIX PRODUCTS, INC., *et al.*,<br><br>     Defendants. | Case No. 2:24-cv-613 |

**OPINION & ORDER**

Atlantic States Insurance Company ("ASIC") and GFP Cement Contractors, LLC ("GFP") seek to consolidate their case ("*ASIC*") with an earlier-filed case—*Smalley v. Kinder Morgan Virginia Liquids, LLC, et al.* ("*Smalley*")—that arose out of the same worksite accident. *Smalley*, ECF No. 31; *ASIC*, ECF No. 17. For the reasons stated below, the Motions to Consolidate are **GRANTED**.

I.   **BACKGROUND**[1]

These cases arise out of an accident at a jobsite on property owned by Kinder Morgan Virginia Liquids Terminals, LLC ("KMVLT"). *ASIC*, ECF No. 1 ¶ 12; *Smalley*, ECF No. 23 ¶ 1. KMVLT hired Consolidated, LLC ("Consolidated") as a construction contractor; Consolidated subcontracted to GFP to provide cement work; GFP subcontracted to Commercial Ready Mix Products, Inc. ("CRMP") to supply and deliver cement; and CRMP employed Garry O. Smalley. *ASIC*, ECF No. 1 ¶¶ 5, 8–11; *Smalley*, ECF No. 23 ¶¶ 2–3. Smalley was operating a cement truck on KMVLT property when the truck overturned. *ASIC*, ECF No. 1 ¶ 12; *Smalley*, ECF No. 23 ¶ 5–6. Smalley suffered injuries, and both the truck and property at the jobsite sustained damage. *ASIC*, ECF Nos. 13 ¶ 23–24 (Third-Party Complaint), 1 ¶ 12; *Smalley*, ECF No. 23 ¶ 11.

As an employee of CRMP, Smalley received workers' compensation payments from CRMP. *ASIC*, ECF No. 13 ¶¶ 24–25. Separately, Consolidated paid KMVLT for the costs to repair the damage to its property. *ASIC*, ECF No. 1 ¶¶ 13–14. Consolidated then brought an action against GFP and ASIC, its insurer, to recoup its costs for compensating KMVLT. *Id.* ¶¶ 15–16. GFP and ASIC settled this claim. *Id.* ¶ 16.

Smalley filed the first case, *Smalley*, against KMVLT and GFP, alleging negligence and negligence per se, to recover damages for harm he suffered due to his

---

[1] The Court draws these facts from the Amended Complaint in *Smalley* (2:24-cv-241 ECF No. 53), the Complaint in *ASIC* (2:24-cv-613 ECF No. 1), and the Third-Party Complaint in *ASIC* (2:24-cv-613 ECF No. 13).

2

injuries. *Smalley*, ECF No. 23. ASIC, the insurer and subrogee of GFP, filed the second case, *ASIC*, against CRMP and its employee, Smalley, claiming indemnity and contribution for its settlement with Consolidated. *ASIC*, ECF No. 1 ¶¶ 17–26. ASIC claimed that CRMP and Smalley, not ASIC or GFP, were responsible for KMVLT's property damage. *Id*. In this second case, CRMP filed a third-party complaint against GFP to recover damages for the workers' compensation benefits it paid and continues to pay to Smalley as well as the costs associated with the damaged CRMP vehicle. *ASIC*, ECF No. 13. CRMP's Third-Party Complaint relied on theories of negligence and breach of contract. *Id*. ¶¶ 27–46.

ASIC and GFP filed a motion to consolidate the two cases. *ASIC*, ECF No. 17; *Smalley*, ECF No. 31.[2] Only CRMP opposed the motion. *ASIC*, ECF No. 22.

## II.   LEGAL STANDARD

A district court may consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The Fourth Circuit directs courts to weigh the specific risks of prejudice and confusion caused by consolidation against the interest in promoting efficiency and consistency. *Arnold v. E. Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982). Specifically, district courts consider "the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of

---

[2] ASIC and GFP filed identical motions in both cases. *ASIC*, ECF No. 17; *Smalley*, ECF No. 31. The Court cites the briefing filed in *ASIC* throughout this Opinion and Order.

3

time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.*

### III.  ANALYSIS

*Smalley* and *ASIC* are eligible for consolidation under Fed. R. Civ. P. 42(a) because they involve a common question of law or fact. Fed. R. Civ. P. 42(a). Both cases arise out of the same incident: Smalley was operating a CRMP cement truck when the truck overturned, injuring Smalley and causing damage both to the truck and to the worksite. *ASIC*, ECF Nos. 1 ¶ 12–13, 13 ¶¶ 17, 23–24; *Smalley*, ECF No. 23 ¶ 11. Additionally, each case requires a determination of whether—and, if so, to what extent—Smalley, CRMP, GFP, and KMVLT were each responsible for the accident and resulting damages. Because the two cases concern largely overlapping questions of law and fact, and because the litigation timeline may be adjusted to mitigate any prejudice to the parties, the Court finds that consolidation is warranted.

### A.  Prejudice

#### i.  *Litigation and Discovery Timeline*

*ASIC* was filed later, and it is at an earlier stage than *Smalley*. The Court has not yet entered a scheduling order in *ASIC*, and the parties agree it is unlikely to go to trial before 2026. *See ASIC*, ECF No. 18 at 7; *ASIC*, ECF No. 22 at 5. In contrast, Smalley is scheduled to go to trial on September 30, 2025, and discovery is underway. *See Smalley*, ECF No. 29 at 1 (scheduling order). Notably, CRMP is a party in *ASIC* but not in *Smalley*. Overall, concerns about the litigation timeline and CRMP's ability to participate in a full discovery process lean slightly against consolidation.

Like *Smalley*, *ASIC* weighs Smalley's and CRMP's responsibility against the responsibility of GFP and KMVLT. *See Smalley*, ECF No. 23; *ASIC*, ECF No. 1. CRMP's Third-Party Complaint in ASIC also hinges on many of the same issues, except it also involves a breach of contract claim. *See ASIC*, ECF No. 13; *Smalley*, ECF No. 23. Ultimately, though, all complaints involve several common questions that will be answered by substantially overlapping discovery. The Court will amend the scheduling order after the cases are consolidated to mitigate any prejudice CRMP may suffer.

>        *ii.    Admissibility of Evidence of Workers' Compensation Benefits*

CRMP argued that because its Third-Party Complaint includes a claim for the amount it paid Smalley in workers' compensation benefits, consolidation of the two cases would necessarily result in prejudice either to Smalley (if the evidence is admitted) or to CRMP (if it is not). *ASIC*, ECF No. 22 at 6. However, CRMP does not need to a raise claim against GFP to receive compensation for benefits it paid to Smalley if the jury finds GFP responsible for Smalley's injury.

Under Virginia law, an employer cannot admit as evidence the amount of compensation it paid an injured employee, but the employer holds a lien against any verdict or settlement the employee obtains against another party that caused the employee's injury. Va. Code § 65.2-309(A). Thus, CRMP would not be able to admit as evidence the amount of compensation it paid Smalley even if the cases were *not* consolidated; instead, as Smalley's employer, CRMP holds a lien against Smalley's

5

torts claim for the value of his workers' compensation benefits. *See Id.* Accordingly, this issue does not weigh against consolidation.

### B. Confusion

The only identified risk of confusion is the possibility that consolidation, by addressing in one trial both contractual issues and personal injury claims, would make the case more complex. This argument is grounded, first, in an assumption that CRMP would introduce evidence regarding the worker's compensation payments it made to Smalley and, second, in the argument that the contract claims CRMP raised in *ASIC* would baffle a jury trying to address personal injury and negligence claims in *Smalley*.

However, for the reasons explained in Part III.A.ii, *supra*, CRMP need not raise the workers' compensation payments in a consolidated case. Moreover, juries frequently answer complicated questions and address multiple types of claims within the same trial. It is unlikely that the jury will confuse its analysis of any party's negligence claim with its analysis of contractual issues.

In fact, CRMP itself relied on theories of both negligence and breach of contract in its Third-Party Complaint. *ASIC*, ECF No. 13. If a jury can distinguish between those theories in CRMP's case, it can certainly distinguish between them to address claims in *Smalley* at the same time. This factor does not weigh against consolidation.

### C. Risk of Inconsistent Adjudications

Because the parties' claims involve overlapping questions of law and fact, addressing them as two separate cases creates significant risks of inconsistent

adjudications. Specifically, both cases require an inquiry into the construction, inspection, and safety of the access road where the truck overturned; the degree to which GFP or KMVLT was responsible for the safety of the road; and the degree to which Smalley and his employer contributed to the accident. *See Smalley*, ECF No. 23 ¶¶ 6–15; *ASIC*, ECF No. 1 ¶¶ 19–23. Two different, reasonable juries could allocate fault in differing proportions to the several parties involved. Because these cases could result in inconsistent determinations of liability among the parties if they were tried separately, this factor favors consolidation.

In each instance, the trier of fact must determine whether Smalley operated his truck negligently, and both entail an inquiry into what events or conditions caused his truck to overturn. Each case specifically raises questions about the performance of GFP's "spotters," who were employed to direct traffic on the access road. *See Smalley*, ECF No. 23 ¶ 6; *ASIC*, ECF No. 13 ¶¶ 19–22; 34–36. Each case requires an assessment of the construction and maintenance of the road. *See Smalley*, ECF No. 23 ¶¶ 6, 9, 14; *ASIC*, ECF No. 13 ¶¶ 22, 30–31, 33, 35–36, 42. And each case raises the issue of whether Smalley or CRMP contributed to the accident. *See Smalley*, ECF Nos. 24 ¶ 22 (KMVLT's Answer), 26 ¶ 20 (GFP's Answer); *ASIC*, ECF No. 1 ¶¶ 12, 21.

Because CRMP is a party in *ASIC* but not in *Smalley*, issue preclusion would be insufficient to guard against the possibility that issues of law or fact could be relitigated in *ASIC* after being decided in *Smalley*. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327–328 (1979). The *Smalley* jury would make many factual

7

determinations to reach its verdict that the Court would be unable to discern from the verdict alone; therefore, the Court could not preclude these fact questions in *ASIC*. While issue preclusion could mitigate the need to relitigate some issues in the second case, it does not weigh heavily against the utility of consolidation.

Simply put, both cases require a determination of what factors caused the accident, how much damage the accident caused, and who bore the responsibility to prevent it. These questions of law and fact form the core of these disputes, and there is a significant risk that they could be answered inconsistently if they were addressed twice, by two different juries. Therefore, the Court's interest in consistent adjudication weighs in favor of consolidation.

### D.     Burden on the Parties, Witnesses, and Judicial Resources

#### i.     *Scheduling Conflict*

CRMP opposes consolidation in part because its attorneys have a conflict with another trial scheduled for the same dates as the trial in *Smalley*. *ASIC*, ECF No. 22 at 4. This objection rests on the assumption that the Court would retain the *Smalley* trial date for the consolidated case rather than setting a new schedule. However, the trial will be rescheduled following consolidation, neutralizing this burden.

#### ii.    *Duplicative Discovery*

Because both actions hinge on the same underlying factual occurrence, both will require much of the same information. Consolidation would allow a more efficient process both during discovery and at trial.

While the parties could agree to stipulations in *ASIC* if the cases remain separate, thereby erasing some of the need for duplicative discovery, there is no guarantee they would be willing to do so. It would be more efficient to consolidate here, ensuring that the parties would need to produce only once many of the documents, witnesses, and other information their cases require.

These benefits are not compromised solely because some of the discovery will not be perfectly duplicative. The contract issues raised in *ASIC* may require discovery beyond the discovery necessary to address the negligence questions in *Smalley*. But overall, the degree to which the burden on the parties, the witnesses, and the Court would be alleviated by eliminating the need for duplicative discovery weighs in favor of consolidation.

### E.   Costs and Length of Time

While CRMP argues that it would not be more efficient to consolidate these two cases, its argument is incomplete and speculative at best. CRMP presumes that all parties would gladly agree to stipulations about all overlapping discovery between the two cases and waves away the fact that consolidation would resolve in one trial issues that are currently siloed in two. *ASIC*, ECF No. 22 at 5–6.

The parties agree that *ASIC* is unlikely to go to trial before 2026, and CRMP acknowledged that discovery overlaps in both actions. *See ASIC*, ECF Nos. 18 at 7, 22 at 5. It would be faster and less expensive for the parties to conduct discovery and go to trial in one case rather than two.

9

## IV.   CONCLUSION

Atlantic States Insurance Company's and GFP Cement Contractors, LLC's Motion to Consolidate (*ASIC*, ECF No. 17; *Smalley*, ECF No. 31) is **GRANTED**.

The Clerk is **DIRECTED** to **CONSOLIDATE** these civil actions for all purposes under Case No. 2:24-cv-241, with the style of the case as follows: *Garry O. Smalley v. Kinder Morgan Virginia Liquids Terminals, LLC, et al.*

The parties are **DIRECTED** to file all documents under Case No. 2:24-cv-241 only, with the style set forth herein.

The Scheduling Order and Amended Scheduling Order in *Smalley v. Kinder Morgan Va. Liquids Terminals, LLC,* No. 2:24-cv-241 (ECF Nos. 29, 34), including the trial and Final Pretrial Conference dates, are **VACATED**. The parties are **ORDERED** to meet and confer and to propose an amended schedule on or before June 20, 2025. To the extent the parties cannot agree on specific deadlines, each party shall provide the basis for its proposed date in the jointly filed motion.

**IT IS SO ORDERED.**

/s/ Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 6, 2025