IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

COMMERCIAL READY MIX
PRODUCTS, INC.,

    Third-Party Plaintiff,

    v.

GFP CEMENT CONTRACTORS, LLC,

    Third-Party Defendant.

Case No. 2:24-cv-241

**OPINION & ORDER**

Third-Party Defendant GFP Cement Contractors, LLC's ("GFP") seeks dismissal of Commercial Ready Mix Products, Inc.'s ("CRMP") Third-Party Complaint, which alleges claims for negligence and breach of contract in connection with a cement truck accident at a jobsite. ECF No. 15.[1] GFP claims that CRMP's complaint fails to state a claim for negligence and for breach of an assumed duty. ECF No. 15. For the reasons stated below, the Motion to Dismiss will be **DENIED**.

**I.    BACKGROUND**

This case arises out of an accident at a jobsite on property owned by Kinder Morgan Virginia Liquids Terminals, LLC ("KMVLT"). ECF No. 13 ¶¶ 10, 22–23.

---

[1] Unless otherwise specified, the ECF numbers throughout this Opinion and Order refer to *Atlantic States Insurance Co. v. Commercial Ready Mix Products, Inc., et al.* (Case No. 2:24-cv-613), where this Motion was filed. The Court has since consolidated that case with *Smalley v. Kinder Morgan Virginia Liquids Terminals, LLC, et al.* (Case No. 2:24-cv-241). ECF No. 25.

Because this is a motion to dismiss, the Court must take all well-pleaded factual allegations in CRMP's Complaint as true.

KMVLT hired Consolidated, LLC ("Consolidated") to perform construction work. ECF No. 13 ¶ 10. Consolidated subcontracted with GFP to provide cement work, and GFP subcontracted with CRMP to supply and deliver cement. *Id.* ¶¶ 10–11. CRMP hired Garry O. Smalley to drive a cement delivery truck to the jobsite. *Id.* ¶ 17.

GFP used "spotters" to control and direct traffic on the access road it required CRMP to use to reach the jobsite. ECF No. 13 ¶ 19. However, GFP's spotters issued their instructions without regard for the actual conditions of the road. *Id.* ¶ 33. Specifically, GFP gave directions that were not grounded in any evaluation of the road's construction or stability. *Id.* ¶ 33(a)–(c). And GFP's directions were not tied to the present conditions of the road as informed by maintenance, monitoring, inspections, or repairs. *Id.* ¶ 33(f)–(g). Despite directing traffic with little information about the road's condition and safety, GFP also did not warn travelers that the road may hold unsafe conditions. *Id.* ¶ 33(e).

When Smalley drove CRMP's cement truck to the jobsite on the day of the accident, he used the access road and followed directions from a GFP spotter. ECF No. 13 ¶¶ 20–22. But while Smalley was complying with a spotter's instructions, the road collapsed, causing the truck to roll and resulting in damages to the truck and injuries to Smalley. *Id.* ¶¶ 22–23. CRMP claimed as damages the harm to the cement truck and the value of the workers' compensation it paid Smalley. *Id.* ¶¶ 23–26.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545. When considering a motion to dismiss, a court "must take all the factual allegations in the complaint as true," but the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### B. Virginia's Source of Duty Rule

In Virginia, courts apply the "source-of-duty" rule to distinguish between cases that sound in tort and cases that are properly brought as contracts claims.[2] *Tingler v. Graystone Homes, Inc.*, 298 Va. 63, 84 (2019). If a party breaches a common-law duty, they may be liable under a theory of negligence, but if they breach a duty that was established only by contract, they can only be found liable based on a breach of contract claim. *Id.* at 82. Plaintiffs can, however, pursue a negligence claim when

---

[2] The Court applies the substantive law of the forum state when a case arises under diversity jurisdiction. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). Here, the Court must apply Virginia law.

they have a contractual relationship with the defendant if the source of harm is misfeasance or malfeasance—an affirmative act—and not simply a failure to perform a contractual duty. *Id.* at 84.

In limited circumstances, a party can show that one action is both a breach of contract and a breach of duty that constitutes an actionable tort. *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998) (citing *Foreign Mission Bd. v. Wade,* 409 S.E.2d 144, 148 (Va. 1991)). Specifically, a breach of contract can be an actionable tort *if and only if* it is also grounded in a breach of a common law duty. *Id.* The Virginia Supreme Court describes a common thread between such cases: a plaintiff may bring a tort action against a defendant with whom it had a contract if the defendant's breach "has begun to affect the interests of the plaintiff beyond the expected benefits of the contract itself." *Tingler*, 834 S.E.2d at 261 (quoting William L. Prosser & W. Page Keeton, *Prosser and Keeton on the Law of Torts* § 92, at 661–62 (Dan B. Dobbs et al. eds., 5th ed. 1984)); *see, e.g.*, *Kaltman v. All Am. Pest Control, Inc.*, 706 S.E.2d 864 (Va. 2011) (finding a pest control company could be found liable in tort for personal injury and property damage when applying noxious industrious chemicals to plaintiffs' home even though the company's contractual duties included applying pest control chemicals).

### III. ANALYSIS

In Virginia, "one who assumes to act, even though gratuitously, may thereby become subject to the duty of acting carefully, if [they] act[] at all." *Kellermann v. McDonough*, 684 S.E.2d 786, 791 (Va. 2009) (quoting *Nolde Bros. v. Wray*, 266 S.E.2d

4

882, 884 (Va. 1980)). The Virginia Supreme Court has also adopted the Restatement's assumption of duty rule. *Id.* at 489. Under this rule, if a party "undertakes, gratuitously or for consideration, to render services to another which [they] should recognize as necessary for the protection of the other's person or things," they have a duty to exercise reasonable care if failing to exercise reasonable care would increase the risk of physical harm from their activity. *Id.* (quoting Restatement (Second) of Torts § 323 (1965)).

This rule applies even to parties who have an existing contractual relationship. When a contractor undertakes an additional task beyond its obligations under the contract, even if that task is related to the contractual performance, they may assume a common law duty to use reasonable care in performing that task. *See St. Paul Fire & Marine Ins. v. Wittman Mech. Contractors, Inc.*, 444 F. Supp. 2d 670, 677 (E.D. Va. 2006). In fact, courts have even found that a party to a contract may assume a common law duty to exercise reasonable care in performing its contractual obligations to avoid causing foreseeable property damage or personal injuries. *See, e.g.*, *White v. Flagship Facility Servs., Inc.*, No. 23-cv-267, 2023 WL 4420441, at *3 (W.D. Va. July 10, 2023) (janitorial contractor may have assumed a common law duty of care when mopping the floor to avoid creating unsafe conditions); *Hehl v. Belk, Inc.*, No. 24-cv-23, 2025 WL 1392157, at *2 (W.D. Va. May 14, 2025) (property manager may have

assumed a common law duty of care when repairing an elevator to avoid creating electrical hazards).

To avoid falling prey to "the linguistic quip that every inaction could be characterized as an action," blending contractual nonfeasance with claims in tort, the Virginia Supreme Court instructs that courts should look to the "gist" of an action to determine whether it is properly a tort claim as well as a contract claim. *Tingler*, 834 S.E.2d at 260–61. Generally, a case sounds in tort if "the defendant's performance, as distinct from his promise or his preparation, has gone so far that it has begun to affect the interests of the plaintiff beyond the expected benefits of the contract itself." *Id.* at 261.

The gist of CRMP's claim—an action to recover for physical damage to its cement truck—extends beyond the purpose of its contract with GFP to supply cement. And at this stage of the litigation, CRMP has sufficiently pleaded that GFP assumed a duty to exercise reasonable care when instructing CRMP in using the construction access road. GFP's choice to provide traffic control on the narrow, rocky access road is the kind of service that a party in GFP's position should "recognize as necessary for the protection of [an] other's person or things." Restatement (Second) of Torts § 323 (1965). Therefore, as the Virginia Supreme Court has held, GFP had the duty to exercise reasonable care in directing that traffic. *See Kellermann*, 684 S.E.2d at 791.

GFP astutely points out that no party can raise a claim in tort based on negligent nonfeasance of a contractual duty, and it criticizes CRMP's complaint for

6

its repeated framing of GFP's negligence as a litany of failures. *See* ECF No. 24 at 2–3. Fair enough. However, though most of the allegations in CRMP's complaint use language describing GFP's failure to take actions ensuring the safety of the access road, CRMP also specifically alleges that GFP "negligently and knowingly required and directed the CRMP driver to operate CRMP's commercial vehicle in an unsafe location and on an unsafe temporary access road." ECF No. 13 ¶ 36. These allegations allow the Court to reasonably infer GFP assumed a duty to exercise reasonable care to avoid causing physical damage when it directed CRMP and Smalley in using the access road—a duty that does not depend on any contractual agreement. Indeed, GFP's contract with CRMP did not establish how or to what extent any party was responsible for safe travel on the access road. *See* Case No. 2:24-cv-241, ECF No. 39-1.

Even if, as GFP claims, GFP and CRMP only interacted with each other—and Smalley only drove on the access road—because GFP and CRMP had a contract, this contract did not erase any common law duties the parties owed each other. *See Kaltman*, 706 S.E.2d at 870. As the Virginia Supreme Court held in *Kaltman*, even a contracting party may owe a duty of reasonable care to avoid causing physical damage that falls outside the economic interests protected by the contract. *See id.*

GFP may have breached its duty if, as CRMP alleges, it gave CRMP unreliable instructions with no basis in the actual conditions of the road. GFP's duty to exercise reasonable care likely included some level of knowledge of the conditions of the road and the places to which GFP was directing traffic. Virginia courts have routinely held,

7

for example, that drivers owe a duty of care that includes a reasonable level of awareness of their surroundings when they gesture to prompt another driver or a pedestrian to move in traffic. *See, e.g., Cofield v. Nuckles*, 387 S.E.2d 493, 497 (Va. 1990) ("Checking the mirror before delivering a signal is consistent with exercising a duty of ordinary care for the safety of others."). Essentially, CRMP's negligence theory boils down to allegations that (1) GFP directed traffic on a narrow, rocky access road, (2) GFP issued traffic instructions without having appropriate knowledge of the road's conditions, and (3) GFP did not warn drivers that its instructions were based on limited information. ECF No. 13 ¶ 33. Based on these allegations, CRMP plausibly claims GFP owed and breached a duty to exercise reasonable care in directing construction traffic. *See id*.

On a motion to dismiss, this Court cannot decide the precise boundaries of "reasonable care" in directing traffic on the construction access road. But the facts, as CRMP pleaded them, sufficiently allege both that that GFP owed CRMP a common law duty to exercise reasonable care and that GFP may have breached that duty, causing CRMP harm.

IV. CONCLUSION

GFP Cement Contractors, LLC's Motion to Dismiss (*ASIC*, ECF No. 15) is **DENIED**.[3]

The Clerk is **DIRECTED** to terminate ECF No. 15 in Case No. 2:24-cv-613.

**IT IS SO ORDERED.**

/s/ *[signature: JKW]*
Jamar K. Walker
United States District Judge

Norfolk, Virginia
June 25, 2025

---

[3] GFP correctly argues that CRMP cannot bring an action to recover damages for the workers' compensation it paid to its employee. ECF No. 16 at 8; *see also* Va. Code § 65.2-309(A). However, based on the Court's reading of the Third-Party Complaint, no such claim exists. But CRMP is precluded from pursuing workers' compensation payments as damages.